United States District Court
Southern District of Texas
**ENTERED**
December 11, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| **JUVENTINO ORTIZ ALVARADO,** § <br> Petitioner, § <br> § <br> v. § <br> § <br> **WARDEN**, in their official capacity as § <br> Warden of Port Isabel Service Processing § <br> Center, *et al.*, § <br> Respondents. § | **Civil Action No.** 1:25-cv-310 |

## ORDER

Before the Court is Petitioner Juventino Ortiz Alvarado's "Petition for Writ of Habeas Corpus and Complaint for Declaratory Judgment and Injunctive relief" (Alvarado's "§ 2241 Petition"). Dkt. No. 1. Alvarado, a Mexican citizen, claims that his detention violates the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause. Dkt. No. 1 at 5, 10–15. Alvarado claims that 8 U.S.C. § 1226 should apply to him and not, as Respondents argue, § 1225. *Id.* at 15.

It does not plainly appear from the § 2241 Petition that Alvarado is not entitled to the requested relief. Alvarado's allegations, taken together, suffice to raise genuine questions as to which statutory section properly applies to him and what relief, if any, he is entitled to. Therefore, the Court must "forthwith award the writ [of habeas corpus] or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243. "The writ, or order to show cause shall be directed to the person having custody of the person detained," and must be returned within three days unless good cause exists to require additional time, not to exceed twenty days. *Id.*

The United States Supreme Court has made clear that for the purposes of a habeas corpus petition under 28 U.S.C. § 2241, the only proper respondent is the immediate

custodian of the petitioner with the ability to produce the petitioner before the Court. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Court, then, notes that the proper respondent is the custodial officer of the facility where Alvarado is detained. *See id.*

Here, Alvarado is held at the Port Isabel Service Processing Center ("PISPC") in Los Fresnos, Texas. Dkt. No. 1 at 2. Alvarado's custodian then, would appear to be the facility administrator of PISPC. *Rumsfeld v. Padilla*, 542 U.S. 426, 440 n.13 (2004) (noting that "the proper respondent [in a § 2241 habeas action] is the person responsible for maintaining…the custody of the prisoner."); *see e.g. David v. Venegas*, No. 1:25-cv-00136, Dkt. No. 7 at 1–2 (S.D. Tex. 2025) (Torteya, J.) (directing the Clerk of Court to substitute Venegas for El Valle Detention Facility as the proper respondent in a § 2241 habeas action). However, it is unclear as to who is currently the facility administrator at PISPC.

It is **ORDERED** that the facility administrator of PISPC has **20 days** from the service of the § 2241 petition to state why the writ of habeas corpus should not issue. If Alvarado chooses to file a reply to the facility administrator's response, he must do so within **15 days** of receiving the facility administrator's response. **FURTHER**, the Government is **ORDERED** to inform the Court of who is the facility administrator at PISPC.

**SO ORDERED.**

SIGNED on this **11th** day of **December, 2025**, at Brownsville, Texas.

_____
Ignacio Torteya, III
United States Magistrate Judge